IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT E. MASSINBURGE,<br>  Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-13-1615 |
| GREG ABBOTT, *et al.*,<br>  Defendants. | § § § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 11] filed by Defendant Judge Frank Pierce, to which Plaintiff Robert E. Massinburge filed a response [Doc. # 16], and Defendant filed a Reply [Doc. # 18].  Having reviewed the full record and applied governing legal authorities, the Court **grants** Defendant Pierce's Motion to Dismiss.

Plaintiff alleges that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") in connection with his obligation to pay child support to Defendant Valerie Robinson.  Plaintiff alleges that Defendants Greg Abbott, Macie D. Miller, Alicia G. Key, and Crystal Flores ("OAG Defendants") sent his employers, Defendants Wilstaff Crystal, Inc. and Verture Inc., an incorrect amount to withhold for child support payments.  Plaintiff alleges that his employers withheld the incorrect $700.00 per month, rather than the actual $300.00 per month amount. Plaintiff alleges

that Judge Pierce, the judge to whom the child support dispute was assigned, held a hearing and ordered the OAG Defendants to advise Plaintiff's employers of the correct amount. Plaintiff complains, however, that Judge Pierce did not report the OAG Defendants to the State Bar and did not inform "Federal Authorities of Organized Criminal activities in his court." *See* Complaint [Doc. # 1], ¶ 26.

Judge Pierce has moved to dismiss, asserting his judicial immunity. "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "Although unfairness and injustice to a litigant may result on occasion, ''it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* Judicial immunity is not overcome by allegations of bad faith or malice and "applies even when the judge is accused of acting maliciously and corruptly." *Id.* In this case, the allegations against Judge Pierce all involve his involvement as the presiding judicial officer in connection with Plaintiff's child support dispute, a dispute over which he had jurisdiction. As a result, Judge Pierce is entitled to judicial immunity.

Plaintiff argues that RICO applies to any "person" and does not specifically exclude judicial officers from the definition of "person." This argument has been considered and rejected by the United States Court of Appeals for the Fifth Circuit. *See Kirkendall v. Grambling & Mounce, Inc.*, 4 F.3d 989, *3 (5th Cir. Aug. 23, 1993) (per curiam). Other courts of appeals have similarly rejected the argument. *See Hollis-Arrington v. PHH Mtge. Corp.*, 205 F. App'x 48, 53 (3rd Cir. Oct. 31, 2006); *Davit v. Davit*, 173 F. App'x 515, 518 (7th Cir. Mar. 29, 2006). Plaintiff has cited no legal authority to support his argument.

Based on the foregoing, the Court concludes that Judge Pierce is entitled to judicial immunity in this lawsuit. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 11] is **GRANTED** and Plaintiff's claims against Defendant Judge Frank Pierce are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this **13th** day of **August, 2013**.

_____
Nancy F. Atlas
United States District Judge