IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT E. MASSINBURGE,      §
    Plaintiff,                §
                              §
v.                          §        CIVIL ACTION NO. H-13-1615
                              §
GREG ABBOTT, *et al.*,      §
    Defendants.               §

## MEMORANDUM AND ORDER

This civil RICO case is before the Court on the Motion to Dismiss [Doc. # 17] filed by Defendants Greg Abbott, Macie D. Miller, Alicia G. Key, and Crystal Flores (collectively, "OAG Defendants").  By Order [Doc. # 19] entered August 12, 2013, Plaintiff Robert E. Massinburge, *pro se*, was directed to file any opposition to the Motion to Dismiss by August 30, 2013, and was cautioned that failure to respond by the deadline could result in dismissal of the case as against these four Defendants. Plaintiff neither filed any opposition to the Motion to Dismiss nor requested additional time to do so.  Having reviewed the full record and applied governing legal authorities, the Court grants the OAG Defendants' Motion to Dismiss.

## I.    BACKGROUND

Plaintiff was ordered by a Texas state court judge to pay $300.00 per month in child support.  Plaintiff alleges that the OAG Defendants sent Administrative Writs

of Withholding to Plaintiff's employers, Defendants Willstaff Crystal, Inc. and Vertrue Inc. The Administrative Writ of Withholding to Willstaff Crystal, Inc., sent June 13, 2010, provides for a withholding of $705.00 per month for "past-due child support - Arrears greater than 12 weeks." *See* Administrative Writ of Withholding, Exh. 1 to Complaint [Doc. # 1]. Plaintiff alleges that his employers improperly withheld $7,260.83.[1]

Plaintiff alleges that he complained to Judge Frank Pearce, who held a hearing in April 2012. Following the hearing, Judge Pearce ordered that Plaintiff's employers be advised that the withholding should be reduced to $300.00 per month. Plaintiff's employers were so advised, and they complied with Judge Pearce's order.

Plaintiff filed this lawsuit asserting a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against the OAG Defendants, who are the Texas Attorney General and employees of the Office of the Attorney General. Plaintiff included as Defendants in his RICO claim his employers, the child's mother to whom the child support was payable, and Judge Pearce.[2] Plaintiff alleges that the Administrative Writs of Withholding, which caused his employers to withhold

---

[1]    Plaintiff does not contest that his court-ordered child support payments were at least $7,260.83 in arrears.

[2]    By Memorandum and Order [Doc. # 20] entered August 13, 2013, Plaintiff's claim against Judge Pearce was dismissed.

amounts in excess of $300.00 per month, violated the RICO statute.  Plaintiff alleges that the Administrative Writs of Withholding constituted wire fraud, mail fraud, extortion, receipt of stolen money, and transportation of stolen money.

The OAG Defendants have moved to dismiss, and their Motion is now ripe for decision.

## II.   STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v.*

*Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.   ANALYSIS

Claims under the civil RICO statute, 18 U.S.C. § 1962, have three common elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (quoting *Abraham v. Singh,* 480 F.3d 351, 355 (5th Cir. 2007)).  "A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Id.*  The requirement that there be a threat of continued criminal activity can be satisfied by showing either "a closed period of repeated conduct [or] past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241 (1989); *see also Gil Ramirez Group, LLC. v. Houston Indep. Sch. Dist.*, 2013 WL 3229683, *6 (S.D. Tex. June 25, 2013) (Ellison, J).  "A closed period of repeated conduct may be demonstrated 'by proving a series of related predicates extending over a substantial period of time.'" *Gil Ramirez*, 2013 WL 3229683 at *6 (quoting *H.J.*, 492 U.S. at 242).  "An open period of conduct may be shown where there exists a 'specific threat of repetition extending indefinitely into the future [or] where it is shown that the

predicates are a regular way of conducting defendant's ongoing legitimate business.'" *Id.* (quoting *H.J.*, 492 U.S. at 242).

In this case, Plaintiff has failed to allege facts that would establish a pattern of racketeering activity. Plaintiff alleges that the OAG Defendants sent a single letter to each employer regarding the amount to withhold for past due child support. The state court judge held that the employers should withhold only $300.00 per month, and the employers complied. Plaintiff's allegations do not demonstrate either a closed period of repeated conduct or an open period of conduct that indicates a threat of repetition. As a result, the OAG Defendants are entitled to dismissal of Plaintiff's RICO claim against them.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In this case, Plaintiff has not requested leave to replead or otherwise responded to the OAG Defendants' Motion to Dismiss. Moreover, the allegations in Plaintiff's Complaint show that there was a single Administrative Writ of Withholding to each employer, and that the increased withholding has ceased. These allegations negate the pattern of racketeering activity

element of Plaintiff's civil RICO claim.  As a result, any attempt to amend would be futile.

**IV.**    **CONCLUSION AND ORDER**

Plaintiff has failed to assert facts that state a RICO claim against the OAG Defendants.  As a result, it is hereby

**ORDERED** that the OAG Defendants' Motion to Dismiss [Doc. # 17] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** as against the OAG Defendants.

SIGNED at Houston, Texas, this 12th day of **September, 2013**.

Nancy F. Atlas
United States District Judge